Hamlet J. Barry, III Director Mined Land Reclamation Division Department of Natural Resources 1313 Sherman Street Denver, CO 80203
Dear Mr. Barry:
This is in response to your October 25, 1979 letter in which you requested my opinion on certain questions relating to a cooperative agreement which the State of Colorado proposes to enter into with the United States of America, Department of the Interior. A principal purpose of the agreement is to provide for state administration of all surface coal mining reclamation activities in Colorado, including activities on federal lands, and, by doing so, to reduce duality of administration and enforcement of surface coal mining reclamation requirements by the state and federal governments.
In your letter requesting my opinion, you set forth four questions as to which my opinion was requested. Since then, you have withdrawn the request as to questions numbered 3 and 4.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Is the Colorado Department of Natural Resources the sole state agency responsible for administering the cooperative agreement on federal lands located in Colorado?
 My conclusion is "yes." It is my opinion that if the cooperative agreement is executed, the Colorado Department of Natural Resources will be the sole state agency responsible for compliance with the terms of the agreement.
2. Does the Department of Natural Resources, as the state regulatory authority designated in the cooperative agreement, have authority under Colorado law to carry out the cooperative agreement?
 My conclusion is "yes." It is my opinion that applicable Colorado statutes confer upon the Department of Natural Resources the necessary power to carry out all of the terms of the cooperative agreement.
ANALYSIS
1. The authority supporting my first conclusion is found in the following provisions of the Colorado Surface Coal Mining Reclamation Act, C.R.S. 1973, 34-33-101 et seq. (the "Coal Act"), to wit:
 34-33-104. Administration. In addition to the duties and powers prescribed by the provisions of article 4 of title 24, C.R.S. 1973, the division and board have the full power and authority to carry out and administer the provisions of this article.
 34-33-105. Jurisdiction of division and board. The division and board shall have jurisdiction and authority over all persons and property, public and private, necessary to enforce the provisions of this article.
 34-33-109(4) No governmental office of the state, other than the board or division, nor any political subdivision of the state shall have the authority to require reclamation of lands affected or proposed to be affected by surface coal mining operations.
The division and board referred to are the Mined Land Reclamation Division and the Mined Land Reclamation Board, which operate within the Department of Natural Resources. C.R.S. 1973,34-33-103(4), (7).
2. Authority supporting my second conclusion is also found in the Coal Act, which confers upon the Department of Natural Resources, acting by and through the Mined Land Reclamation Board and the Mined Land Reclamation Division, the authority and the responsibility for taking all steps required of the department under the cooperative agreement. C.R.S. 1973, 34-33-101 etseq. Legislative history discloses that a principal purpose of the Coal Act was to maintain state control over surface coal mining and reclamation operations on state and private lands and, to the maximum extent allowable under federal law, to maintain such control over federal lands as well. See, Colorado Legislative Council Staff Memorandum No. 12, September 12, 1978; resolution of the Colorado Mined Land Reclamation Board dated May 25, 1977.
Further authority in support of my second conclusion is found in the Colorado statutes which create the Department of Natural Resources, C.R.S. 1973, 24-33-101 et seq. C.R.S. 1973,24-33-103 provides as follows:
 24-33-103. Legislative declaration. The state policy shall be to encourage, by every appropriate means, the full development of the state's natural resources to the benefit of all of the citizens of Colorado and shall include, but not be limited to, creation of a resource management plan to integrate the state's efforts to implement and encourage full utilization of each of the natural resources consistent with realistic conservation principles. The governor, through the executive director of the department of natural resources, shall develop and direct the resource management plan and shall be responsible for negotiations with the federal government in all resource and conservation matters.
The cooperative agreement is consistent with this legislative declaration.
SUMMARY
In brief, it is my opinion that if the cooperative agreement is executed, the Colorado Department of Natural Resources, described in the proposed agreement as the "state regulatory authority," will be the sole state agency responsible for administering the cooperative agreement on federal lands located in Colorado. Furthermore, the Department of Natural Resources has authority under Colorado law to carry out the terms of the cooperative agreement.
Very truly yours,
 J.D. MacFARLANE Attorney General
MINES AND MINING COAL INTERGOVERNMENTAL COOPERATIONS UNITED STATES
C.R.S. 1973, 34-33-101
C.R.S. 1973, 24-33-103
NATURAL RESOURCES Open Mining Land Reclam. Bd.
If the Colorado Department of Natural Resources enters into a cooperative agreement with the U.S. Department of Interior to provide for state administration of all surface coal mining in Colorado, such agreement will be a proper exercise of lawful authority by the Department of Natural Resources, which will then be the sole state agency responsible for compliance with the agreement.